UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Q&A, LLC, and WILLIAM J. NEWTON                      CIVIL ACTION
both individually and o/b/o WILLIAM &
ASSOCIATES NORTH AMERICA, LLC

VERSUS                                               NO. 13-4681

ALLEN MAXWELL & SILVER, INC.                         SECTION "C" (3)


ORDER

Before the Court is defendant's Motion for Partial Summary Judgment. Rec. Doc. 86. In it, defendant argues that plaintiffs' claim for negligent supervision should be dismissed either because it is in reality a claim for negligent interference with a contract which is not recognized under Louisiana law, or because their negligent supervision claim even if cognizable and proven, could not have been the legal cause of plaintiff's alleged losses. Plaintiffs do not contest the merit of this motion. Rec. Doc. 90.  Having considered the record, the law, and the submissions of both parties, the Court accepts both arguments made by defendant.

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). *A fortiori*, it is warranted where controlling

precedent forecloses any possibility of recovery.

As defendant has correctly argued, plaintiffs' claim for negligent supervision is

actually a claim for negligent interference with contractual relations. Plaintiff Newton

alleges that he had a consulting contract with defendant, under which he was owed

certain bonuses and compensation tied to the performance of defendant's Louisiana

office. Rec. Doc. 1, ¶¶ 14, 25(e), 25(f). His negligent supervision claim is, in essence, that

defendant negligently supervised its New Jersey managers leading to a decrease in

Louisiana profits, and therefore bonuses owed under the consulting agreement. *See id.*,

¶¶ 46-55; *see also* Rec. Docs. 86-6, 86-7.

Louisiana law does not allow tortious interference with contract to be predicated

on negligence. *See generally, e.g.*, *Wiltz v. Bayer CropScience, Ltd. P'ship*, 645 F.3d 690, 701

(5th Cir. 2011) (discussing Lousiana's unwillingness to recognize claim for negligent

interference with contractual relations). Further plaintiff has failed to name any specific

corporate officer or agent responsible for the interference, which would be required to

state a claim of intentional interference with a contract. *See 9 to 5 Fashions, Inc. v.

Spurney*, 538 So. 2d 228, 234 (La. 1989). Moreover, the damages that plaintiff is

attempting to claim on account of this alleged negligence are too attenuated from the

conduct in question to serve as a basis for recovery.

Accordingly, IT IS ORDERED that defendant's Motion for Partial Summary

Judgment is GRANTED. Rec. Doc. 86.

New Orleans, Louisiana this 17th day of July, 2014.


HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT