**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

Q&A, LLC, ET AL.                                    CIVIL ACTION

VERSUS                                              No. 13-04681

ALLEN MAXWELL & SILVER, INC                         Section: C (3)


**ORDER and REASONS[1]**

IT IS ORDERED that:

1.  The plaintiffs' motion in limine to exclude testimony, evidence, and argument by the defendant, Allen Maxwell & Silver ("AMS") regarding counterclaims 4, 5, and 6 for Misappropriation of Trade Secrets, Conversion, and Unfair Trade Practices, respectively, is DENIED.  Rec. Doc. 66 at 1.  Plaintiffs claim that AMS has no evidence that it was damaged by Newton's use or disclosure of trade secrets.  However, to obtain injunctive relief, AMS only needs to show that misappropriation of trade secrets is "threatened." La. Rev. Stat. Ann. § 51:1432; *see also Innovative Manpower Solutions, LLC v. Ironman Staffing, LLC*, 929 F.Supp.2d 597 (W.D. La. 2013) (holding that under the Louisiana Uniform Trade Secrets Act, the plaintiff may obtain injunctive relief for either actual or threatened misappropriation).

    Furthermore, in Louisiana, a claim of conversion can include any of the following:

    > 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel.

---

[1] Ardis Strong, a second-year student at Brooklyn Law School, assisted with the preparation of this order.

*Snow v. Weyant*, 04-1438 (La. App. 1 Cir. 8/3/05), 923 So. 2d 34, 37. AMS has adequately pleaded facts to support a claim of conversion and there are disputed issues of genuine fact as to this claim. Therefore, evidence in support of these claims can be presented at trial.

2.  The plaintiffs' motion in limine to exclude testimony, evidence, and argument by AMS regarding counterclaim 7 for unjust enrichment is GRANTED. Rec. Doc. 66 at 1. Although the court recognizes this argument as an untimely motion to dismiss or for summary judgment, there is little benefit in prolonging trial by allowing invalid claims. Under Louisiana law, a claim of unjust enrichment is only available when a party has no other remedy under the law. *Walters v. MedSouth Record Mgmt., LLC*, 10-0352 (La. 6/4/10), 38 So. 3d 241, 242. "The mere fact that a plaintiff does not successfully pursue another available tort remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." *Id*. AMS claims that Newton was unjustly enriched by his wrongful retention and use of AMS's trade secrets and other confidential information. Rec Doc. 17 at 16 ¶123. These allegations mirror AMS's tort claims for misappropriation of trade secrets, conversion, and unfair trade practices. Rec Doc. 17 at 13-16. Therefore, AMS has other remedies and is barred from presenting testimony, evidence, and argument on its claim of unjust enrichment.

3.  The plaintiffs' motion in limine to exclude testimony, evidence, and arguments related to AMS's claim that it suffered $166,000 in losses is DENIED. Rec. Doc. 66 at 1. To the extent that AMS can provide evidence to support its claim that it suffered a loss of $166,000, this evidence is relevant to AMS's claims for fraud in the inducement of the contract, unilateral error, and detrimental reliance. Rec. Doc. 17 at 11-13; *see* La. Civ.

Code Ann. art. 1995 ("Damages are measured by the loss sustained by the obligee and the profit of which he has been deprived.").

4.  The plaintiffs' motion in limine to exclude testimony, evidence, and arguments related to litigation styled *Coface Collections of North American v. Newton*, United States District Court for the District of Delaware, and *Newton-Haskoor v. Coface of North America*, United States District Court for the District of New Jersey is GRANTED.  Rec. Doc. 66 at 1.  AMS has not explained why *Newton-Haskoor v. Coface of North America* is relevant; therefore, the motion to exclude this case is GRANTED.  AMS argues that *Coface Collections of North American v. Newton* is relevant because it reveals that Newton had previously been held in contempt of court for violating a Court Order not to compete with Coface, and it also shows Newton to be an untrustworthy witness.  Rec. Doc. 72 at 6.

Federal Rule of Evidence 404 bars introducing evidence about a person's character or character traits to prove that, on the occasion in question, the person acted in accordance with the character or trait. Thus, AMS cannot introduce this case as extrinsic evidence. Fed. R. Evid. 404.  However, under Rule 608, AMS can challenge Newton's truthfulness or untruthfulness as a witness on cross-examination, if his honesty as a witness has been called into question. Fed. R. Evid. 608(a); *See also Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 527 (1989) (holding that civil plaintiff, a convicted felon, could be impeached during cross-examination); *Bedwell v. Grand Trunk W. R. Co.*, 226 F.2d 150, 154 (7th Cir. 1955) ("Plaintiff, when he testified as his own witness, was subject to impeachment the same as any other witness would be.").  Therefore, the Court

must use its discretion under Rule 403 to determine whether this particular evidence is

admissible. Fed. R. Evid. 403.

    In assessing whether the evidence is admissible under Rule 403, the court

balances the probative value of the evidence with its potential prejudicial impact.

*Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).  Even if the Court

was to exclude the substantive matter of the lawsuit and only allow AMS to introduce

evidence that Newton violated a Court Order not to compete, Rec. Doc. 78,

"disobedience of a court order does not necessarily bear on a witness' character for

truthfulness…unless the witness had promised, under oath, to obey the order." *United*

*States v. Edwards*, No. 11-161-1, 2012 WL 1119875, at *3 (M.D.N.C. Apr. 3, 2012); *see*

*also United States v. Perkins*, 287 F. App'x 342, 349-50 (5th Cir. 2008); *Martin v. Fab-*

*Con, Inc.*, No. 12-3005, 2014 WL 1154273, at *2 (E.D. La. Mar. 21, 2014) (holding that

plaintiff's past parole violation was not admissible because "it does not speak to his

truthfulness, but is merely a broken promise which indicates a lack of loyalty to

commitments").

    In this case, the risk of prejudice to the plaintiff outweighs the probative value of

introducing the lawsuit *Coface Collections of North American v. Newton*.  The *Coface*

case, whose claims closely mirror the current allegations against Newton, could be highly

prejudicial to a jury and confuse the issues before the court.  Introducing evidence from

this lawsuit, including the Court Order holding Newton in Contempt, adds little probative

value and could lead jury members to try Newton on past actions rather than focusing on

the matter at hand. Therefore, the plaintiffs' motion in limine to exclude this case is

4

GRANTED.  AMS is barred from introducing information about either case or asking about them during cross-examination.

5.   The plaintiffs' motion in limine to exclude testimony, evidence, and arguments related to AMS's allegation that Newton had an ownership or financial interest in Ethan & Associates ("Ethan") or Ethan Strategic Partners ("EPS") at any point in time is DENIED.  Rec. Doc. 66 at 2.  AMS argues that this evidence, along with allegations that Newton was consulting with Ethan in a merger deal with AMS while he was also consulting with AMS, is relevant to its defense of plaintiffs' breach of contract claim. Rec. Doc 72 at 8.

Plaintiffs argue that AMS has not shown any evidence that Newton had any ownership or financial interest in Ethan or EPS during the time that he was working with AMS. Rec. Doc. 66 at 8.  However, Newton's possible conflict of interest in concurrently consulting with Ethan, one of AMS's competitors, possibly to AMS's detriment, is relevant to the unresolved contractual obligations between the parties because it raises questions about whether the plaintiffs were acting in good faith in the performance of the contract for which they are seeking enforcement by this Court. *See* La. Civ. Code Ann. art. 1759 ("Good faith shall govern the conduct of the obligor and the obligee in whatever pertains to the obligation."); *Nat'l Safe Corp. v. Benedict & Myrick, Inc.*, 371 So. 2d 792, 795 (La. 1979) ("Into all contracts . . . good faith performance is implied.").  Therefore, AMS should be able to introduce evidence of Newton's competing business interests to support not only its defense against the breach of contract claim, but also to support its claims of unilateral error and detrimental reliance.

6. The plaintiffs' motion in limine to exclude testimony, evidence, and arguments related to AMS's affirmative defense of laches is GRANTED.  AMS has offered no opposition to this motion, and the Court finds no significant delay in the plaintiffs' bringing of this action that warrants a laches defense. *See Molero v. Bass*, 322 So. 2d 452, 454 (La. Ct. App. 1975) *writ denied,* 325 So. 2d 609 (La. 1976).

7. The plaintiffs' motion in limine to exclude testimony, evidence, and arguments related to AMS's affirmative defense of statute of frauds is DENIED.  The plaintiffs are correct in arguing that Louisiana law allows for the enforcement of oral contracts. Rec. Doc. 66 at 11; *see* La. Civ. Code Ann. art. 1927.  However, under Louisiana law, if "the parties have contemplated a certain form, it is presumed that they do not intend to be bound until the contract is executed in that form." La. Civ. Code Ann. art. 1947.  The Letter of Intent between AMS and Newton clearly expresses the intent to be bound only by a future, formal agreement between the parties. Rec. Doc. 72-2 at 23.  Thus, AMS's should be allowed to defend its claim that there was no contract between itself and the plaintiffs.

8. The Defendant's motion in limine to bar certain testimony of Brandy Dufrene regarding allegations of discriminatory harassment by AMS is MOOT.  The Court has already granted a partial summary judgment for the defendant on the issue of negligent supervision, Rec. Doc. 95, for which Ms. Dufrene's testimony was relevant.  However, the court gives defendant leave to raise further objections on this particular matter closer to trial.

New Orleans, Louisiana, this 15th day of August, 2014.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT COURT**